May it please the Court. Good morning, Your Honors. David Kaminsky on behalf of Appellants Nat'l Credit Systems, Inc., Jim North, and Faye Miles. The sole issue before this Court is whether the District Court erred in granting summary judgment in favor of Appellee Mr. Reichert and against Appellants under 15 U.S.C. Section 1692F1 of the Fair Debt Collection Practices Act, the FDCPA, for attempting to collect a $225 fee from the debtor that the creditor specifically instructed Appellants to collect. Appellants are debt collectors. The controlling authority in this case is the August 24, 2006, decision in the Ninth Circuit case called Clark v. Capital Credit and Collection Services, 460F3-1162. The Clark decision was decided after the briefing had closed in this appeal. Clark is legally and factually on point with the case at bar with certain exceptions. In Clark, the Ninth Circuit held that pursuant to the bona fide error defense set forth in Section 1692KC, where a debt collector reasonably relies upon the creditor's representation regarding the amount to be collected from a debtor, a debtor is not liable for any errors. In the Ninth Circuit's decision, the Ninth Circuit acknowledged that a debt collector reasonably relies upon a creditor's representation of the amount to be collected from the debtor where the creditor has provided accurate information to the debt collector in the past. The District Court in this case erred because it misinterpreted the application of the bona fide error defense based upon the interpretation by Clark. Specifically, the District Court in this case erred because it stated that unless defendants could demonstrate that their error was not only unintentional, but that they also had procedures in place reasonably adapted to avoid the error at issue, they would still be found liable. What the District Court failed to do was consider that reasonable reliance upon the creditor's representation would in a sense exonerate liability completely on the part of the debt collectors based upon the interpretation of the bona fide error in Clark. The undisputed evidence that was presented by appellants in the District Court action was that the creditor specifically instructed appellants to collect the amount at issue, a $225 fee, that appellants represented to the debtor the exact amount the creditor stated was to be collected, and the undisputed evidence also demonstrated that appellants had never received erroneous debt information from this particular creditor, la provada, in the past. This has set forth that ---- In the past? Not specifically, just the evidence. Oh, if they had never received it in the past, that doesn't tell you much, does it? It doesn't tell you much that you never had received anything in the past if you hadn't received anything at all other than that one case. No, Your Honor, they had received numerous collection accounts. Yeah, but is there evidence of that? There is, as set forth in the declaration of Mr. Sapp, which is set forth at appellant's opening brief at page 17. Also, the declaration of Mr. Sapp is in support of the opposition to the summary judgment is referenced in excerpt of record 6, page 1 at paragraphs 2, 4, and 7. Your Honor, based upon the undisputed evidence, which was not disputed in any regard in the district court action by Mr. Reichert, and because Mr. Reichert failed to submit any evidence to contradict appellant's undisputed facts, appellant's reliance on the debt representations by creditor la provada should have been deemed reasonable as a matter of law. And in appellant's position, the undisputed evidence is such that a reasonable jury could have returned a verdict in favor of appellant's. The slight difference between the Clark case and the present case at bar is that in Clark, there was evidence that the debt collector in that case had received erroneous debt information from the creditor on numerous occasions. And therefore, the Clark court held that summary judgment that was entered in favor of the debt collector should be reversed. Well, is there any indication that when it was assigned to the debt collector that there had been a judgment? No, Your Honor. So how would the attorney's fee be legitimate if there's no judgment? Well, Your Honor, the debt collectors in this case had received information from this particular creditor in the past, and all of the information provided in the past had been correct. So it, in its opinion, reasonably assumed that upon receiving the information to collect the $225 fee, the information given to it was accurate, and it didn't question it at the inception.  I'm sorry, Your Honor? The fee would be based on what? The creditor's representation of the amount. Yeah, but what basis would the creditor have for saying there was a fee due? I think it was a legal letter from an attorney, Your Honor. The legal letter stated that there was $225 fee due. Just because the attorney says there's a fee due, does that indicate that that's part of the debt? That's what the creditor relied on, and that's the information, at least the amount of the fee that the creditor did transmit to appellants in this case. No, I see that, but if it's here we've got a debt collection organization that's pretty sophisticated, and just because an attorney and a creditor didn't even say what the basis for it was, just said there's a fee due, and I can't see how that's reasonable to think all of a sudden there's an additional fee. And, Your Honor, again, the reasonableness comes from the fact that this particular appellant had relied on this particular creditor's representations in the past, and there had been no errors. Had the landlord ever made representations as to what its lease entitled it to collect? I mean, it seemed to be unusual to have a lease that would permit you to collect attorney's fees just because somebody's written a letter, at least under the state of Arizona law, as I understand it. So is it so clear on its face that if, in fact, I'm looking at the declaration, it makes specific reference to, specifically instructed defendants to add $225 for legal fees incurred by law privada for a response letter signed by plaintiff. If that's the information conveyed to the collection agency, I think Judge Huck's question is appropriate. Is it all that reasonable for the collection agency to disregard the fact that, gee, this is for attorney's fees, can you get attorney's fees just for writing a letter and extract them based on the terms of the lease? And, again, Your Honor, the appellants didn't question that because they had received correct information from this particular creditor in the past. Well, I understand that your client didn't question it because he went on and tried to collect a bigger amount. My question is, is it reasonable to do so if you know it's for an attorney's fees letter or it's for an attorney letter? Well, Your Honor, I believe that there is no duty under the bona fide error defense for a debt collector to make a legal analysis of what is right and what is correct. That is not a requirement under the FDCPA in any regard. In fact, the FDCPA doesn't require a debt collector to analyze the creditor's underlying basis. Of course, Clark said in the event that a debt collector had routinely received erroneous information, then there would be some duty of inquiry, but that is not the facts that are present in this case. Are you relying on the bona fide error defense? Well, we're relying on the fact that there yes, we are relying on the bona fide error and the fact that there was no there was reasonable reliance. When the district court made its decision, it didn't have the benefit of Clark. And so the case and the case was presented to him in such a way, I mean, frankly, your brief to us didn't have the benefit of Clark. So it's a very different argument than what we heard today. Clark comes out, we're all bound by it, so it's a different game. Are you really asking us to make a judgment that should properly go back to the district court as to what was reasonable under the circumstances? Well, Your Honor, I'm asking this Court to at least remand this case for further proceedings. First, I would ask this Court to reverse the district court's decision and enter summary judgment based upon reasonable reliance, or at the very least, Your Honor, to remand the case back. Where does the reasonable reliance come from alone? I don't understand that Clark or anything else has said that just the fact that there was reliance, that you'd gotten debts from this, referred to you from this creditor before, that that's enough and they were okay, that's enough for you to establish your entitlement to the defense. Well, Clark seems to indicate at page 1174 of the decision, Your Honor, and I'll quote from that. Basically, Clark states that generally a debt collector can reasonably rely upon information provided by a creditor who has provided accurate information in the past, and that's the exact information or rather the exact declaration of Mr. Sapp. He testified there, too, that we had never, appellants had never received erroneous debt information from this particular creditor in the past. And based upon Clark's representation or statement, what is reasonable? Is that language in Clark that you're relying on? Yes. Actually, the language in Clark, what I find, is a quotation from a district court case from Delaware which is described as a cord. So I'm not sure if I found what you quoted. I'm not sure that's really what our court has been saying in Clark. I mean, I don't quarrel with the general proposition. Clark clearly does say that if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors. But it points out this is an affirmative defense with the burden on the debt collector to demonstrate that its reliance was reasonable and that it has reasonable safeguards and measures in place to so that no such to address such error. And the statutes give a little difficulty with regard to the word such, perhaps, but the burden falls in your client's court to demonstrate that its procedures were reasonable. Isn't that where you lost before the district court? Yes. That's where we lost. But the district court didn't consider that reasonable reliance upon a debt reported by the creditor could exonerate it from liability under the bona fide error defense. Because it didn't have procedures in place to determine what it should have to catch this. No. That's not what I'm saying. I'm saying that the district court. Yes. But the district court didn't even consider the undisputed evidence that was raised in the district court. It didn't consider this particular statement by Mr. Sapp in his declaration where he stated that the debt collector at issue had never received erroneous information in the past. The district court did say specifically that even if you demonstrated the violation was unintentional, involuntary, whichever, the defendant still had the burden to show they had procedures in place that were reasonably adapted to avoid such error, make specific reference to Mr. Sapp's declaration talking about extensive procedures, and says that's only what the act requires anyway. That's not enough. Yes, Your Honor. But I think as the way I read Clark, and I think as Clark clearly states, and may I quote from Clark, Clark raises the bona fide error defense and then immediately states, and I quote, logically, if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors, end quote. On the other hand, because it goes on to say on the other hand. Right. And I'll go on. On the other hand, the bona fide error defense will not shield a debt collector whose reliance on the creditor's representation is unreasonable. You're right, Your Honor. And there was no, there was, but the court did not, the district court did not specifically find that that statement in Mr. Sapp's declaration was unreasonable, i.e., the reliance. Well, that, that just means you're back to the argument that because they got it, they got accurate information before that they could rely on whatever was in here, even though it was, looked odd. And so therefore, once you've received five pieces of information, five referrals from the creditor, and they all are okay, that the sixth one says we're adding in another $5,000 because our debtor has red hair, that you could go unreasonably rely on that. Is that the position? Well, Your Honor, I'm reading Clark, I'm reading Clark a little differently, because I think Clark, what Clark is saying that if you have reasonable reliance, that's one ground upon which you can be exonerated from any liability under the third under the third. That's just, that's just circular. What, what makes it reasonable? Again, it's the, it's the collector's. It's solely the fact, the fact he was okay, so therefore we don't even have to look at it. That's not, that isn't even in the court, I don't, you read, you read Clark to say that? I do read Clark to say that if a debt collector relies upon, reasonably relies upon information from the creditor and has done so in the past, that that could exonerate the debt collector from liability under the bona fide error defense. In fact, Clark phrases it in the, in fact, in the, or in the disjunctive. In fact, Your Honor, further on, on page 1177, Clark goes on to state that the question in the Clark case was whether the debt collector, I'm sorry, the creditor's representations regarding the amount sought to be collected was reasonable or whether they maintained reasonable procedures to avoid the error. They're phrasing it in the disjunctive. It's an either-or test. So if logically, if the debt collector here can demonstrate that it reasonably relied upon the information provided to, by the creditor, that's one way out to fall within the purview of the bona fide error defense. Well, it actually derives from the statute, and the statute makes, it says, not liable if the debt collector shows by a preponderance of the evidence the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. So I'm not entirely sure how you parse that, but it does suggest that you have to have a bona fide error notwithstanding the maintenance of procedures seems to suggest you've got to have procedures in place to address, and that's, I get a little bit hung up on such error because it seems to me, I don't know what the heck that such is supposed to refer to, but you've got procedures in place. Now, you've argued you have procedures in place, and you gave the court Mr. Sepp's declaration. The court said, district court said, well, that's just what the law requires anyway, so that can't be sufficient to show you're on guard because that's just a bare minimum statutory requirement. And in the lower court action, Your Honor, it looks like the parties, because they did not have the benefit of the clerk, were focusing on the maintenance of procedures as opposed to reasonable reliance.  And I think what in Clark the district, I'm sorry, the Ninth Circuit was saying is that we have to look at the FDCPA in its entire context. We have to read it logically. Yes, to the extent that we can in statutory construction, we're going to give effect to every single word, but to the extent that we can't or to the extent that it renders the statute a nullity or superfluous, we're not going to read it that way, and that's And I think to impose upon a requirement, to impose a requirement that you demonstrate reasonable reliance and that you had a procedure in place almost renders the bona fide error to the court. I'm almost, I'm understanding what you're saying, but I don't think it answers the question of why is it that the reliance on this was reasonable, and that gets you back to the accurate information in the past, that's enough to make it reasonable. And that seems to me to be contrary to the purpose of the statute. If that were, if we were to hold that that's the law, that you're home free once you've gotten five referrals that were okay, that doesn't seem to be what this, what Congress was trying to do. Can you help me with that? Other than the parsing of a word in Clark. Your Honor, clearly the FDCPA was implemented to prevent unscrupulous debt collection activity, and I think Clark clearly acknowledges that at page 1170. And that's the purpose of the FDCPA, to punish appellants here, to punish them for engaging in ethical conduct. They literally took information from the creditor here, transmitted it to the debtor. They didn't do anything intentional, and I think that was all acknowledged. So to punish them for their conduct is, it doesn't make sense here, especially because the court has already acknowledged that under the FDCPA, the FDCPA does not impose a duty upon a debt collector generally to independently investigate the amount a creditor is claiming is owed to the debtor. That's at page 1174 of the FDCPA. So on one hand, we're saying you don't have a duty to investigate, and if you got information in the past from the creditor, you should be, if it was accurate, you should be able to rely on information from them. But now we're saying, no, you can't rely on it, you do have to do an investigation. All right. You're just about used to your time. We'll give you a minute. Thank you, and may it please the Court. My name is Deepak Gupta, and I'm here on behalf of the appellee, Robert Reichert. I agree with my opposing counsel's characterization that Clark controls much of this appeal, and I think it's correct to say that the first question presented would not have been briefed the way it had been if Clark had been decided before the appeal were briefed. So that leaves us, I think, with the bona fide error question. And while we agree that Clark is controlling, I think we disagree on how we read Clark. And I think that NCS's reading of Clark really reads key terms out of the statute, as some of the questions suggested, and specifically the requirement that the debt collector maintain procedures that are reasonably adapted to avoid the error, the type of error that occurred. And I think that's where you're hypothetical. Suppose they've been collecting for this landlord for some time, the information had been correct. They go through the process. The debtor says, I don't know that much. So they go get the written confirmation they're supposed to get from the landlord. And the landlord just gets the number wrong and gives it to the debt collector. And the debt collector, okay, here it is, this is it, no, this is the amount we're going to collect. Of course, it turns out that's wrong. Is the debt collector required to do more in that situation to qualify for the bona fide error action? You know, I think — I don't think it's a terribly onerous burden that the statute places on the debt collector, because the statute is designed to create an incentive for the debt collector to maintain some preventive procedures. And, you know, the procedure could be a checklist, a form that says, you know, do you have attorney's fees on this account? Well, you know, is it authorized by the agreement? It could be as simple as that. And the case law provides examples of procedures, and there are many procedures that have been found adequate in this kind of situation that are not terribly onerous. The one Supreme Court case dealing with the FDCPA is Hines v. Jenkins. On remand to the Seventh Circuit, this very question came up. What kind of procedures are adequate to prevent a billing error? And the Court there said, you know, there was a detailed eight-step procedure before collection was commenced, and the district court opinion that was affirmed by the Seventh Circuit was, you know, you have to apply the酈 laisser depth, and they're not onerous procedures, and you know, that was sufficient. I can describe those procedures if you like.The firm had attorneys that verified that charges such as attorney's fees were authorized by the contract. They simply looked at the contract and looked at the account and determined that that was ・・whether it was collectible. They sent a draft of the collection demand to the client to verify, and they asked that the client verify under oath that the charges were accurate, and then they commenced collection. So that's an example of a procedure that was implemented by a high-volume, sophisticated debt collector, and it resulted in avoidance of liability. The point of the statute is to encourage debt collectors to maintain those kinds of procedures, and that's much more efficient than having consumers come to the Federal courts every time there's an error. It's just not going to happen. There are not enough lawyers to take these cases, and it's not an efficient way of dealing with the problem. The point is for debt collectors to internalize these incentives, to have the procedures necessary to avoid this kind of error. What were the damages? What's the remedy here? It's purely statutory damages, Your Honor, and the statute authorizes statutory damages up to $1,000, and one of the factors that can be considered in assessing damages is the level of intentionality. Here, the parties stipulated to the maximum allowable statutory damages, but certainly, if it's ・・if it's an error of a certain order that's, you know, an unintentional error, the court is entitled to take that into account and assess lower statutory damages. But the larger amount involved is the $11,000, the attorney's fees for 11,000, right? Yeah, that's right, and I think that's an example of how, you know, dealing with this problem case by case through litigation ultimately is not the most efficient means of dealing with the problem, and that's why Congress wanted to create an incentive for debt collectors to internalize these procedures that will avoid billing errors. You know, an example of how this plays out is the context of debts that have been discharged in bankruptcy. You know, debt collectors can implement procedures to scrub those accounts, and then you won't have collection of discharged debts. It would be exactly the same provision of the statute would be involved and the same defense would be raised, and ・・ Did the agreement provide for attorney's fees? The agreement, which is cited in our brief at the top of page 2, did have a provision concerning attorney's fees, and what that provision said is, quote, ・・in the event of a legal action to enforce compliance with this agreement, the prevailing party ・・prevailing party in that action may recover attorney's fees. And that's a ・・that's a pretty standard agreement in landlord-tenant agreements. There's actually quite a lot of case law in Arizona that says that that kind of agreement doesn't authorize attacking on of, you know, indiscriminate attacking on of attorney's fees. So it would have been quite simple to implement a checklist that says, you know, do you have a provision like this? And then in that case, was there a judgment or a legal action? Was there any indication in the assignment that there had been a judgment? No, Your Honor. I don't believe there was. And that's ・・again, that's the sort of thing that, you know, a scrupulous debt collector could have procedures to verify whether there was an assignment. Now, I'd like to ・・ Almost by definition, if you've got an attorney's fees for $225, you haven't gone far enough to get a judgment. That's probably right. That's true. Yeah. And I want to contrast the kind of procedures that I'm talking about from, you know, an investigation. I don't ・・I don't mean to suggest that the debt collector is, you know, required to investigate every case. Obviously, that's not possible. These are high-volume debt collectors. The point is to internalize some reasonable procedures that are reasonably adapted to avoid the error. And I think that's where the term reasonable in the Clark opinion comes from. When the court is talking about reasonable reliance, it's not reading the procedures term out of the statute. It's a gloss on the statutory language. Reasonable means procedures reasonably adapted to avoid the error. Now, NCS's primary contention here has been that they're ・・despite the statutory language, they're not required to maintain procedures. But I'd also like to just spend a little time ・・ They say they do maintain procedures. I mean, again, the declaration really wasn't aimed at the target that we have now, so I don't fault them entirely for that. But they've got something of a general language declaration. They say we've got reasonable procedures, the thing, the training materials, blah, blah, blah, blah. So they don't say that they don't have to do anything. They say we do something. Isn't that enough? Well, I think they make two arguments, and their alternative argument is, you know, that they pressed in the district court was we have procedures. And they say that reasonable reliance by itself is the end of it. They don't have to go on to procedures in place. But they do say they've got procedures in place. Right. And, you know, all we have is a single paragraph, a very conclusory paragraph in an affidavit. And it says we have extensive procedures. It doesn't tell us what those procedures are. It doesn't attach any written documentation to suggest that there actually are these procedures. And most importantly, it doesn't show that the procedures are reasonably adapted to avoid the kind of error that occurred here. So I take it that's why they lost before the district court, because the district court said that's just kind of parodying the language of the statute. That's right, Your Honor. I mean, if that were the standard, every debt collector would simply include a declaration like that, and they wouldn't have to actually adopt procedures. And in the Fox case, which we cite in our brief, that's a case from this Court, it says that these are the essential elements of the statute. You can't have the defense be raised successfully unless you're able to show procedures that are not only that the procedures exist and what they are, but that they're the ones that avoid the error. And, you know, this one paragraph, this one conclusory paragraph in the affidavit doesn't come close to satisfying that standard. And so I think we're left with an argument that's foreclosed by Clark, which is that, you know, this is not a strict liability statute. Clark said it is a strict liability statute. Debt collectors may reasonably rely on their creditors. And the measure of that reasonable reliance is the one provided by Congress in the statute, which is, you know, are there reasonable procedures that are reasonably adapted to avoid the kind of error that occurred here? There's a question lurking in the background that I think we better face directly, and that is, is the conjunctive or or and. That is, is it sufficient? The defendant's position is that if they relied reasonably, that's enough. And the statute, your argument based on the statute, is really more of an and conjunction. That is, the reliance in the particular case has to be reasonable. And they've got to have procedures in place, including procedures designed to fit this such error. And I've already read the statute. It doesn't really clearly point one way or the other. So what is it that leads you to say that, separate and apart from whether their reliance in a particular case was reasonable, they still have to have procedures in place aimed at the particular error that was the subject of this problem? I don't think there's any ambiguity in the statute. I mean, as I said, the Court has said that these are the essential elements of the defense. Where the disjunctive is coming from in my opponent's argument is this passage at page 1177 in Clark, which does use the word or. It says, Yet they, the debt collectors, presented no evidence to demonstrate that they had, you know, these reasonable procedures and – I'm sorry, that the representations was reasonable or that they maintained procedures. So my opponent is reading that word or as a disjunctive or. And I don't think you can do that consistent with the language of the statute. I think sometimes or is not a disjunctive word. It means in other words. And the only way to read that language in Clark consistent with the statute is to read it that way. So in other words, you know, they didn't show that their representation was reasonable. And the way they would show that would be that they had not only procedures, but procedures that were reasonably adapted to avoid the error. I don't see how you can read that or as disjunctive without doing violence to the language of the statute and really sort of taking a set of – an element of the statute out of the statute. If there are no further questions, thank you. Your Honor, I respectfully disagree with counsel's interpretation of the bona fide error defense as in Clark because I think Clark is specifically stating that with respect to the maintenance of procedures, what this Court, what the Ninth Circuit is saying is that one reason, one basis to find that there were reasonable procedures is if a debt collector reasonably relies on a debt reported by a creditor. That reasonable reliance is the procedure that the debt collector has maintained. And what I think the Court is saying here, the Clark case is almost trying to say we are not going to punish ethical debt collectors here when they make an unintentional error based upon reasonable reliance on the creditor. That's the whole premise of how this whole Clark decision has been written. And if you look at the entire statutory interpretation, they keep on emphasizing how they want to interpret the statute in such a way as to not punish an ethical debt collector. To make an ethical debt collector responsible for every single debt that is erroneous that is transmitted from the creditor to the debt collector would effectively put the debt collectors out of business. How can they have a preventative procedure for every single type of debt that comes over, because there's numerous types from numerous different creditors, and they would have to have a procedure in place to avoid an error with respect to every debt transmitted to them? It's virtually impossible. It seems like the attorney aspect of it would be pretty simple. It would be pretty simple to have a procedure as to whether attorney's fees should be added or not. Well, Your Honor, and again, one of the procedures that I believe this Clark case is implying is that if this particular creditor at issue had given correct information in the past, that would be sufficient reasonable reliance, because if they see the  They don't parse it out that, Your Honor, but they do specifically state that in Clark the debt collectors in that particular case routinely received erroneous debt information from their creditor. The absolute converse happened in this case, and there's a declaration in support of that stating we had never received erroneous information in the past. So it looks like your position would be that if you'd received accurate information in the past, even though it was fairly obvious that in this case it was wrong, that that's enough to absolve the creditor. Well, I don't know if it was obvious or patently obvious, Your Honor, because I think what that would require the debt collectors here, in other words, to act as lawyers and to step in and to make a determination whether as a matter of law this attorney fee should be collected. We're way over time. Okay. Thank you, Your Honors. The case is submitted for decision. We'll hear the last case on the calendar, which is London v. All the Does.
judges: Hug, Schroeder, Clifton